**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 13-137 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| SHAWN A. JOLLIVETTE | MAGISTRATE JUDGE C. MICHAEL HILL |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation [Record Document 38], in which it is recommended that this Court deny Defendant Shawn A. Jollivette's motion to suppress statements allegedly made without prior advice of rights [Record Document 30]. Defendant filed an objection to the report [Record Document 41], and the Government filed a reply thereto [Record Document 42]. For the reasons that follow, the Court adopts the magistrate's report and recommendation.

"On deciding whether to accept a magistrate judge's recommended disposition of a suppression motion, the district court makes 'a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made'." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005)(quoting *United States v. Raddatz*, 447 U.S. 667, 673 (1980) (emphasis omitted)). "In doing so, the district court need not re-hear testimony from the suppression hearing; its deference to the magistrate's credibility determinations is appropriate when they are supported by the record." *Id.* (citing *United States v. Giacomel*, 153 F.3d 257, 258 (5th Cir. 1998)). Here, the defendant's sole objection is based on the magistrate's finding that Agent Lawrence Goldsmith's testimony

in this case was credible. The defendant makes this objection in light of a recent report and recommendation in a separate criminal matter, in which the same magistrate finds the testimony of Agent Goldsmith incredible, as it relates to that unrelated matter.[1] However, in so objecting, the defendant fails to acknowledge significant distinctions in the facts underlying each case.

In the other case, the magistrate made specific factual findings to support his determination that Agent Goldsmith had engaged in harassment and intimidation of two witnesses to such a degree that it caused both witnesses to refuse to testify, in violation of Fifth Circuit precedent.[2] The same is not true in the case *sub judice*. Here, there were two law enforcement agents involved in the transport during which the defendant made the statements at issue, Special Agent Lawrence Goldsmith, federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and Deputy Lafayette City Marshal Shane Duplechin. Both men testified at the suppression hearing, during which the magistrate judge "carefully observed [their] demeanor" and questioned each of the witnesses himself.[3] This Court has no reason to question the magistrate's recommendation in this case and is not persuaded to do so based on an unrelated finding that Agent Goldsmith may have lacked credibility in another proceeding. Despite the fact that the hearings in each of the respective cases were held approximately one month apart, and the reports were issued

---

[1] *See United States v. Damien Guidry*, Docket No. 6:13-cr-00167-RTH-CMH-01 (W.D. La.). That Report and Recommendation [Record Document 168] is currently pending before The Honorable Judge Richard T. Haik.

[2] *See Guidry*, Record Document 168, pp. 8-12.

[3] Record Document 38, p. 8.

just nine days apart, the magistrate maintained impartiality in order to reach a fair decision based on the facts and testimony in each case.

Thus, upon due consideration, the Court hereby adopts the Report and Recommendation and finds that Defendant Jollivette was given his *Miranda* rights by Agent Goldsmith, that Jollivette understood his rights, and that he voluntarily waived them when he began talking to Goldsmith. Accordingly, the Motion to Suppress [Record Document 30] is hereby **DENIED** for the reasons outlined in the magistrate's report.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 5th day of June, 2014.

Elizabeth Erny Foote
United States District Judge